WILLIAM S. HASKELL *versus* EBENEZER SAWYER.

Where the plaintiff, "being about to set up a steam engine and planing machine to be connected therewith, agreed with the defendant, being a house carpenter, to take charge of and oversee the work, which was making drums, machinery and other geering necessary to connect the same, and to receive one dollar and fifty cents per day for his services; and where it was proved, that he so worked there, overseeing the work and directing until he pronounced the machinery to be in running order, and then left, — *it was holden,* that the defendant was not thereby bound by a special agreement to do the work in any manner; and that the defendant was entitled to be paid for his own labor.

EXCEPTIONS from the district court, REDINGTON J. presiding.

It seems that Haskell brought an action against Sawyer to recover damages for not performing certain work in a skilful and workmanlike manner, and that the defendant filed in set-off a claim for his labor. But no papers were furnished except a copy of the report of the referees and of the exceptions, which were in the following terms : —

### "REPORT.

" The undersigned referees in the above case, having met the parties aforesaid, and heard the evidence and pleas by them offered, do award and determine — That the said Eben'r Sawyer shall pay to the said William S. Haskell the sum of one hundred and fifty dollars, with cost of reference taxed at thirty-one dollars and six cents, and legal costs of Court, with the following proviso : — That if upon the following statement of facts, the Court shall decide that said Sawyer is liable legally, under a special agreement to do the work hereafter mentioned, which it was proved was not done in a workmanlike and proper manner.

" It appeared in evidence that said Haskell, being about to set up a steam engine and a planing machine to be connected therewith, agreed with said Sawyer to take charge of and oversee the work, which was making drums, machinery and other geering necessary to connect the same, he, Sawyer, being a house carpenter, and to receive one dollar and fifty cents per day for his services. It was proved that he so worked there, overseeing the work and directing, until he pronounced the machinery to be in running order and then left.

" And this award is made upon the presumption that said Sawyer either has, or is to receive his pay for the number of days he worked for said Haskell.

" If the Court shall decide that said Sawyer is not legally liable under a special agreement to do the work aforesaid, then our award and determination is, that said Sawyer recover of said Haskell the costs of reference, taxed at twenty-nine dollars and ninety-eight cents, and his legal cost of court.

" November 24, 1846.       " Alden Palmer,
                               " Joseph W. Patterson,
                               " Chas. Town."

This report was accepted by the District Judge; and the plaintiff filed the following exceptions, which were allowed and signed : —

"District Court, Middle District, Kennebec County, April Term, 1847. — *William S. Haskell* v. *Eben'r Sawyer.*

" This was an award of referees, in which the report was made in the alternative in favor of the plaintiff or defendant according to the decision of the Court, upon a question of law submitted in the report, which is to be referred to and made a part of the case.

" The law was ruled in favor of the defendant, and the report accordingly accepted.

" To which construction and ruling of the Court, the plaintiff excepts and prays that his exceptions may be allowed.

"By his att'y, R. H. Vose."

It had been agreed, that the case should be argued in writing; but —

*Vose,* for the plaintiff, submitted the case on his part without argument.

*Lancaster,* for the defendant, cited Black. Com. book 3d, c. 9, page 164, and thought the case too clearly in his favor to require argument.

The opinion of the Court was by

WHITMAN C. J. — This case comes before us, upon exceptions taken in the court below to the ruling of the District Judge, in accepting a report of referees, made in the alternative, referring the case to the Court for a decision upon a question of law, supposed to arise upon the facts as stated by them. They state that the defendant agreed to take charge of, and oversee the performance of certain work, to be done for the defendant, for which it was agreed that he should be paid wages at the rate of one dollar and fifty cents per day. They then, in substance, say if the Court shall decide, that the said Sawyer is not legally liable, "under a special agreement to do the work," the report is to be considered as in his favor. They further state, that the defendant "worked there, oversee-

ing the work and directing until he pronounced the machinery to be in running order." From this statement we are to understand, that the defendant was a mere day laborer; and that his labor was to consist in taking charge and oversight of certain work to be performed by others. He was not therefore bound by any "special agreement to do the work." The District Judge might well accept the report in his favor.

> *The exceptions are overruled; and the acceptance of the report in the court below affirmed.*